# EXHIBIT A

12/8/2020 1:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48744351
By: Lisa Thomas
Filed: 12/8/2020 1:43 PM

CAUSE NO. _____

| | | |
|---|---|---|
| AXL-FRAZIER DAVIS, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | §§§ | |
| v. | §§ | HARRIS COUNTY, TEXAS |
| HOME DEPOT USA, INC. | §§ | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Axl-Frazier Davis ("Plaintiff" or "Mr. Davis") files his Original Petition against Home Depot USA, Inc. ("Defendant" or "Home Depot") as follows:

### I. DISCOVERY

Plaintiff intends to conduct discovery under Level 2 of Tex. R. Civ. P. 190.

### II. NATURE OF ACTION

1. Plaintiff sues Defendant for injuries sustained while performing work for Home Depot, based on claims for negligence and gross negligence. Home Depot had a nondelegable duty to provide Mr. Davis, an employee of Defendant, with a reasonable safe workplace but failed to do so.

### III. PARTIES

2. Plaintiff is an individual who resides in Harris County, Texas, and is a resident of Texas.

3. Defendant is a limited liability company that does business in the State of Texas and Harris County that may be served with service of process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### IV.	JURISDICTION AND VENUE

4.	Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

5.	This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

### V.	FACTUAL BACKGROUND

6.	On or about March 9, 2020, Plaintiff was performing work at a Home Depot store located at 1341 W. Davis Street in Harris County, Texas ("the Site" or "the Premises"). That day, during training, Plaintiff was directed by Defendant to jump off an Order Picker, while equipped with a harness. In doing this act, Mr. Davis swung backwards and impacted against the Order Picker, resulting in severe injuries to Plaintiff ("the Incident").

7.	Plaintiff was an employee of Home Depot at the Site at the time of the Incident.

### VI.	NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT

8.	Plaintiff incorporates all factual allegations made above.

9.	Home Depot failed to do that which a person of ordinary prudence would have done under the same or similar circumstances or did that which a person of ordinary prudence would not have done under the same or similar circumstances.

10.	For example, but without limitation, Defendant was negligent by failing to:

   a.	institute and enforce proper and effective safety programs, instruction, supervision and training;

   b.	properly warn and instruct Plaintiff;

   c.	provide proper and effective equipment to allow Plaintiff to safely perform his work; and

   d.	other acts and omissions to be proven at trial.

Certified Document Number: 93416704 - Page 2 of 5

11. Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence/ "malice." Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Therefore, Defendant's conduct amounts to gross negligence for which Defendant is liable for exemplary damages.

12. Defendant's negligence and gross negligence described herein proximately caused Plaintiff's injuries.

## VII. CAUSATION AND DAMAGES

13. Plaintiff incorporates all factual allegations made above.

14. As a proximate result of Defendant's negligent acts and/or omissions, Plaintiff has suffered in the past and will continue to suffer in the future: medical, nursing and life-care expenses; loss of earning capacity; loss of his own household services; pain and suffering; mental anguish; emotional distress; physical impairment; loss of enjoyment of life; and permanent disfigurement.

15. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## VIII. ALTERNATIVE PLEADINGS

16. To the extent facts and/or causes of action pled in this Original Petition are in conflict, they are pled in the alternative.

## IX. JURY DEMAND

17. Plaintiff demands a trial by jury on all of his claims.

PLAINTIFF'S ORIGINAL PETITION– page 3
20040/2.1

Certified Document Number: 93416704 - Page 3 of 5

## X. RULE 193.7 NOTICE

18. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by Defendant in response to any discovery request may be used at any pretrial proceeding or in the trial of this matter.

## XI. PRESERVING EVIDENCE

19. Plaintiff request that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the Incident made the basis of this lawsuit or the damages resulting therefrom, including without limitation surveillance video capturing the Incident.

20. Failure to maintain such evidence will constitute "spoliation" of the evidence.

## XII. REQUEST FOR DISCLOSURES

21. Plaintiff requests that Defendant provide Plaintiff with the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure at the office of the undersigned counsel within fifty (50) days of service of this document.

## XIII. PRAYER

22. Plaintiff prays that judgment be entered against Defendant for the following:

   a. actual damages;

   b. all costs of court expended herein;

   c. pre-judgment and post-judgment interest at the maximum rate allowed by law;

   d. exemplary/punitive damages; and

   e. all other relief to which Plaintiff is justly entitled.

Dated:   December 8, 2020
         Houston, Texas

                                              Respectfully submitted,

                                              CEDILLOS LAW FIRM, PLLC

                                              By: _____
                                                 J. Moises Cedillos
                                               State Bar No. 24080828
                                               3801 Kirby Dr., Suite 510
                                               Houston, Texas 77098
                                               (832) 900-9456
                                               (832) 900-9456 (fax)
                                               moises@cedilloslaw.com

                                              ATTORNEY FOR PLAINTIFF

Certified Document Number: 93416704 - Page 5 of 5

**PLAINTIFF'S ORIGINAL PETITION** -- page 5
20040/2.1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 6, 2021

Certified Document Number:        93416704 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**